ORIGINAL

PABLO P. QUIBAN
Attorney at Law, LLC

Pablo P. Quiban   #5099
707 Richards Street, Suite 710
Honolulu, Hawaii 96813
Telephone: (808) 528-3955
Facsimile: (808)523-9476
Email: ppq-esq@hawaii.rr.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 18 2009

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

LODGE

MAY 15 2009

CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

Attorney for Plaintiffs
HAWAII LABORERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII LABORERS' TRUST FUNDS, (*Hawaii Laborers' Health & Welfare Trust Funds* by its trustees Harry Ushijima, Albert Hamamoto, Mel Cremer, Benjamin Saguibo, Daniel Nakamura, Stephanie C. Mahelona, Walter Arakaki, Antonio J. Saguibo, Jr., Anacleto Alcantra, and Toni Figueroa, etc., et al.,)<br><br>Plaintiffs,<br><br>vs.<br><br>VUICH ENVIRONMENTAL CONSULTANTS, INC., a Hawaii corporation,<br><br>Defendant. | CIVIL NO.  06-00552 SOM BMK<br><br>FINDINGS OF FACT AND RECOMMENDATION FOR DISPOSITION RE: PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT<br><br><br><br>DATE: March 13, 2009<br>TIME: 3:00 p.m.<br>JUDGE: BARRY M. KURREN |

FINDINGS OF FACT AND RECOMMENDATION FOR
DISPOSITION RE: PLAINTIFFS' MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANT

Plaintiffs HAWAII LABORERS' TRUST FUNDS' ("Plaintiffs") Motion
for Entry of Default Judgment Against Defendant VUICH ENVIRONMENTAL
CONSULTANTS, INC. ("Defendant"), having come for hearing before the
Honorable Barry M. Kurren, Magistrate Judge on March 13, 2009, at 3:00 p.m. , with
Pablo P. Quiban, Esq. appearing for Plaintiffs, Joel I. Edelman, Esq. appearing by
telephone on behalf of Defendant; and the Court having read the memoranda,
declarations, affidavits and exhibits in support  and in opposition thereto, having
considered the evidence presented, and having heard oral arguments, and being fully
advised in the premises and good cause appearing therefor, it is RECOMMENDED
that Plaintiffs' Motion for Entry of Default Judgment Against Defendant be
GRANTED.

The court bases its recommendation upon the following findings:

## FINDINGS OF FACT

1.     Defendant is registered to do business in the State of Hawaii
with its principal place of business in the County of Maui, State of Hawaii.

2.     Defendant entered into a collective bargaining agreement with

2

the Laborers' International Union of North America, Local 368, AFL-CIO ("Union") on September 5, 2002 which was acknowledged by the Certification of Receipt and Acceptance, signed by Defendant, which agreements by their terms incorporated the Master Agreement Covering Environmental Laborers in the State of Hawaii ("CBA"); copies of both documents were attached to the Complaint filed herein.

3.     That under the CBA, Defendant promised to contribute and pay employee benefit contributions once per month to Plaintiffs for each hour of work performed by Defendant's employees for work covered by the CBA, which contributions are to be paid to Plaintiffs on or before the 20th day of each month for hours worked the prior month.

4.     That under the CBA, Defendant agreed that in the event monthly trust fund contributions were not paid when due, Defendant would pay the sum of $20.00 or 20%, whichever was greater, of the amount of the trust contributions owed to each Trust Fund for each delinquency, as and for liquidated damages and not as penalty.

5.     That under the CBA, Defendant agreed to submit its monthly payroll reports and to provide Plaintiffs with all the information necessary to carry out the purposes of the various trust funds, and to pay interest at the rate of 12% per annum on unpaid balances owed.

6.    For the period from September 2004 to April 2007, Defendant under-reported hours worked by employees who were covered by the CBA which resulted in unpaid contributions of ONE HUNDRED SEVENTY NINE THOUSAND SEVENTY FIVE and 72/100 DOLLARS ($179,075.72) and liquidated damages of NINETY ONE THOUSAND SEVEN HUNDRED SEVENTY SEVEN and 67/100 ($91,777.67) for a total owed of TWO HUNDRED SEVENTY THOUSAND EIGHT HUNDRED FIFTY THREE and 39/100 ($270,853.39).

8.    That in addition, Defendant owes interest in the amount of FIFTY SEVEN THOUSAND TWO HUNDRED SIXTY FOUR and 21/100 ($57,264.21) which interest was determined by monthly payroll report transmittals submitted by Defendant to the trust fund administrator's office, for a grand total owed to Plaintiffs of THREE HUNDRED TWENTY EIGHT THOUSAND ONE HUNDRED SEVENTEEN and 60/100 ($328,117.60) as noted in the *Declaration of Tracy Masuda*, which Declaration was filed herein on September 12, 2008.

9.    The Defendant was served with a copy of the Complaint; Summons in this case by personal delivery on January 4, 2007, as noted in the Return of Service filed herein on January 5, 2007.

9.    That due to Defendants' failure to file an Answer or respond to the Complaint, a *Request For Entry of Default* was filed herein on June 26, 2008.

10.     Plaintiffs then filed its *Motion For Entry of Default Judgment Against Defendant*, on September 12, 2008, which was heard on March 13, 2009.

11.     Defendant on February 17, 2009 filed its Memorandum In Opposition to Plaintiffs' Motion For Entry of Default Judgment Against Defendant.

12.     That at this time, the total amount owing by Defendants, which does not include attorney's fees and costs is THREE HUNDRED TWENTY EIGHT THOUSAND ONE HUNDRED SEVENTEEN and 60/100 ($328,117.60) .

13.     That Plaintiffs are entitled to reasonable attorney's fees and costs pursuant to Section 14, II, 4(a)(5), p. 20 of the CBA and pursuant to the Employees Retirement Income Security Act, 29, U.S.C. Section 1132(g)(2), and as supported by the Declaration of Counsel and Bill of Costs to be submitted herein.

## RECOMMENDATION

Pursuant to the foregoing findings of fact, it is RECOMMENDED that:

A.     Plaintiffs' Motion for Entry of Default Judgment be GRANTED and that judgment be entered against Defendant for the sum of THREE HUNDRED TWENTY EIGHT THOUSAND ONE HUNDRED SEVENTEEN and 60/100 ($328,117.60)  plus legal interest from the entry hereof until paid in full.

B.     Plaintiffs be awarded reasonable attorney's fees by submission of Declaration of Counsel .

sk

IT IS SO FOUND AND RECOMMENDED.

DATED:      Honolulu, Hawaii, _____5 . 18 . 2009_____ .



_____
Judge of the Above-Entitled Court



*Hawaii Laborers' Trust Funds vs. Vuich ENVIRONMENTAL Consultants, Inc.,* Civil No. 06-00552 SOM BMK;
Findings of Fact and Conclusions of Law Re: Plaintiffs' Motion for Entry of Default Judgment Against Defendant

6